could be taken as of right and permission to appeal had not been granted.

*Lloyd B. Kanter* for motion.

*Samuel R. Wachtell* opposed.

Motion denied, with ten dollars costs.

---

ISAAC MEYERS, Respondent, *v.* THE ANWAL REALTY CORPORATION, Appellant.

*Appeal — failure to file necessary undertaking — motion to dismiss appeal denied.*

Reported below, 218 App. Div. 762.

(Submitted March 26, 1928; decided April 3, 1928.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 13, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.

The motion was made upon the ground of failure to file the required undertaking.

*Albert Adams* for motion.

*Herman M. Schaap* opposed.

Motion denied if appellant within ten days files a proper undertaking and pays ten dollars costs of motion. Otherwise granted, with costs and ten dollars costs of motion.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONNER-HANNA COKE CORPORATION, Respondent, *v.* WILLIAM J. BURKE et al., as Assessors of the City of Buffalo, Appellants.

*Tax — constitutional law — assessment upon interest under contract with United States government to purchase structures and equipment void — constitutionality of subdivision 24 of section 4 of Tax Law.*

*People ex rel. Donner-Hanna Coke Corp. v. Burke,* 222 App. Div. 790, affirmed.

(Argued March 26, 1928; decided April 10, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

December 30, 1927, which affirmed on certiorari an order of Special Term canceling an assessment levied under section 4 of the Tax Law, as amended by chapter 99 of the Laws of 1925, against the relator for purposes of taxation upon an alleged interest under a contract with the United States to purchase structures and fixed equipment erected and owned by the United States upon land of the relator in the city of Buffalo.

The tax was declared void on the ground that it tended to retard, impede or burden the government in disposing of the plant, and chapter 99 of the Laws of 1926 was declared unconstitutional.

*Gregory U. Harmon, Corporation Counsel (Herbert A. Hickman of counsel), for appellants.*

*John Lord O'Brian and Ralph Ulsh for respondent.*

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: ANDREWS, J.

---

JOSEPH CHERNIK, Appellant, *v.* CLYDE STEAMSHIP COMPANY, Respondent.

*Constitutional law — negligence — workmen's compensation — master and servant — constitutionality of Longshoremen's and Harbor Workers' Compensation Act.*

*Chernik* v. *Clyde Steamship Co.*, Kings Co. Special Term, Dec. 2, 1927, affirmed.

(Argued March 26, 1928; decided April 10, 1928.

APPEAL from a judgment, entered December 2, 1927, upon an order of a Special Term of the Supreme Court for the county of Kings granting a motion by defendant for a dismissal of the complaint. Plaintiff, a longshoreman in the employ of defendant, was injured while engaged in unloading a vessel and brought this action to recover therefor. Defendant moved to dismiss the complaint on the ground that the court had no jurisdiction of the subject-matter, by reason of a certain act of Congress commonly